**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MARY CHAPMAN, as Administrator of the Estate of Marcus Chapman,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 06-cv-0651-MJR** |
| **RAKESH CHANDRA, MARVIN POWERS, KELLY RHODES, KRISTIN KWASNEWSKI, BRIAN ELLIS, WANDA EVANS, M. ROLLINS HILL, Nurse SHELBY DUNN, TERI CALIPER, WEXFORD HEALTH SERVICES, Correctional Officer VICK, AND SHELTON FREY,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

**A. Factual and Procedural History**

On August 27, 2006, Plaintiff Mary Chapman, as the Administrator of the Estate of Marcus Chapman, filed a complaint in this court against several defendants (*see* Doc. 1). According to Plaintiff's complaint, on or about August 26, 2004, Marcus Chapman, an inmate at Tamms Correctional Center ("Tamms"), committed suicide. *Id.* Plaintiff asserts that Marcus Chapman twice previously had attempted suicide and had been diagnosed with a variety of mental impairments, including depression.

Each named defendant, Plaintiff states, "was personally familiar with Mr. Chapman's history of suicide attempts, and that he suffered from mental illness" (Doc. 1, p. 1). Yet, "[d]espite

clear signs of Mr. Chapman's continued mental illness, defendants failed to treat Mr. Chapman's mental illness, failed to take steps adequate to protect Mr. Chapman, and punished him by subjecting him to cruel and unusual conditions of confinement at Tamms, without regard for his serious mental illness." *Id.* Consequently, Plaintiff asserts, each defendant is liable for having violated Marcus Chapman's ("Chapman") rights pursuant to **42 U.S.C. § 1983,** as well as the Eighth and Fourteenth Amendments to the Constitution of the United States.

Plaintiff's complaint is organized into four counts. In Count One, Plaintiff alleges that all defendants failed to treat Chapman's serious medical conditions, in violation of the Eighth Amendment. *Id.* at 8. In Count Two, Plaintiff alleges that all defendants failed to protect Chapman from readily foreseeable harm, in violation of the Eighth Amendment. *Id.* at 9. In Count Three, Plaintiff alleges all defendants subjected Chapman to "cruel and unusual punishment," conditions of confinement at Tamms which, in light of his mental illness, purportedly violated the Eighth Amendment. Finally, in Count Four, Plaintiff alleges that all defendants, except for defendant Shelton Frey, committed medical malpractice by failing to properly treat Chapman's mental illnesses.

Now before this Court are three motion to dismiss: a motion to dismiss filed by defendants Marvin Powers, Rakesh Chandra, Wexford Health Services, Kristin Kwasnewski, M. Rollins Hill, and Shelby Dunn ("first motion") (Doc. 19), a separate motion to dismiss filed by defendants Brian Ellis, Kelly Rhodes, Teri Caliper, C/O Vick, and Shelton Frey ("second motion")(Doc. 27), and a motion to dismiss filed by Defendant Wanda Evans ("third motion") that is identical to Defendants' first motion (Doc. 59).

**B. Standard Governing a Motion to Dismiss**

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** governs motions to dismiss for failure to state a claim upon which relief can be granted. When considering a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's allegations as true, and construes all inferences in favor of the plaintiff. ***Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Thompson v. Ill. Dep't of Prof. Regulation,* 300 F.3d 750, 753 (7th Cir. 2002).** Dismissal for failure to state a claim is warranted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ***Mattice v. Memorial Hosp. of South Bend, Inc.,* 249 F.3d 682, 684 (7th Cir. 2001), citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *Accord Hishon,* 467 U.S. at 73 (Rule 12(b)(6) dismissal is appropriate only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").**

"Federal complaints plead *claims* rather than facts." ***Kolupa v. Roselle Park District,* 438 F.3d 713, 714 (7th Cir. 2006).** Under the liberal notice pleading requirements of the federal rules, all that is required to state a claim "is a short statement, in plain ... English, of the legal claim." ***Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999); FED. R. CIV. P. 8(a)(2).** "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate." ***Kolupa,* 438 F.3d at 714.** "A full narrative is unnecessary." ***Id.*; *see also, e.g., Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002); *McDonald v. Household International, Inc.,* 425 F.3d 424, 427-28 (7th Cir. 2005); *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1077-78 (7th Cir. 1992).** Thus, Rule 12(b)(6)

dismissal should be denied "if any facts that might be established within [a plaintiff's] allegations would permit a judgment for the plaintiff." ***Duda v. Board of Education of Franklin Park Public School District No. 84,*** **133 F.3d 1054, 1057 (7th Cir. 1998).**

**C. Defendant's First Motion for Dismissal**

In the first motion to dismiss before this Court (Doc. 19), the moving defendants assert two main arguments for dismissal. First, Defendants argue that Plaintiff's medical malpractice claim in Count Four is insufficient as a matter of law because Plaintiff has failed to comply with the provisions of **735 ILCS 5/2-622.** Secondly, Defendants assert that Counts One, Two, and Three are duplicative so that two of the three counts must be dismissed. The Court considers each argument in turn.

*Whether Compliance with 735 ILCS 5/2-622 is Required*

Defendants first argue that this Court must dismiss Count Four because Plaintiff failed to comply with an Illinois Statute, **735 ILCS 5/2-622.** Section 2-622 provides, in part: "[i]n any action, whether in tort, contract, or otherwise, in which plaintiff seeks damages for injuries or death by reason of medical malpractice, hospital, or other healing art malpractice ... [the plaintiff] shall file an affidavit" from a medical professional indicating that the case has merit. **735 ILCS 5/2-622.** Failure to file an affidavit pursuant to § 2-622 is cause for dismissal under **735 ILCS 5/2-619** pursuant to **735 ILCS 5/2-622**.

Plaintiff does not dispute that she failed to file such an affidavit with her complaint. However, Plaintiff argues that § 2-622 is a state procedural rule and is inapplicable in federal cases

involving medical malpractice. Pursuant to ***Erie R.R. Company v. Tompkins,*** **304 U.S. 64, 78 (1938)**, if this Court finds otherwise – that § 2-622 is instead a *substantive* law – this Court is required to apply that state law, regardless of the jurisdictional basis for the case. ***See Wainwright Bank & Trust Co. v. Railroadmens Fed. Sav. & Loan Ass'n of Indianapolis,*** **806 F.2d 146, 149-50 (7th Cir. 1986).**

The United States Court of Appeals for the Seventh Circuit has implicitly held that § 2-622 is a substantive law that should apply to medical malpractice claims brought in federal courts. In ***Sherrod v. Lingle*****, 223 F.3d 605 (7th Cir. 2000),** an appeal from this Court, the Seventh Circuit noted that the plaintiff in the underlying matter *had* filed a certificate of merit to accompanying his medical malpractice claims. Nonetheless, the Seventh Circuit agreed with the district court's decision to dismiss the plaintiff's medical malpractice claim because the certificate of merit was found to be inadequate pursuant to the requirements of § 2-622. ***Id.*** **at 614.**

In agreeing with the district court's dismissal, the Seventh Circuit favorably discussed the merits of § 2-622, noting that the purpose of the requirement is "to minimize frivolous malpractice suits." ***Id.*** **at 613.** The Court further cited with approval § 2-622: "a certificate and report must be filed 'as to each defendant who has been named in the complaint ...; failure to abide by this requirement' shall be grounds for dismissal." ***Id.*** **citing 735 ILCS 5/2-622**. Before turning to its determination of whether the district court's dismissal *without leave to amend* was proper, the Court added: "dismissal is mandatory ..."***Lingle,*** **223 F.3d 613.**

Conspicuously absent from the Seventh Circuit's discussion in *Lingle* is any indication that it was improper for the district court to apply § 2-622 to the medical malpractice

count of the plaintiff's complaint. Indeed, the *Lingle* Court went on to hold that it was an abuse of discretion to dismiss the claim without affording an opportunity for plaintiff to amend *in conformity with* § 2-622. ***Id.*** Such a holding seems nonsensical if the Seventh Circuit considered § 2-622 a procedural requirement. That fact, combined with the Court's lengthy discussion of § 2-622 absent any criticism of the district court's *application* of the requirement, creates a strong implication that the Seventh Circuit favors district courts applying § 2-622 to medical malpractice claims.

The vast majority of Illinois federal courts to consider this question – both before and after the *Lingle* decision – have decided in favor of applying the statute. ***See, e.g., Ibscher v. Snyder,* 2003 WL 21696197 (N.D.Ill. 2003)(dismissing two medical malpractice counts for plaintiff's failure to comply with § 2-622); *Smith v. Gottlieb,* 2002 WL 1636546 (N.D. Ill. 2002)(applying § 2-622 to dismiss medical malpractice cause of action before court on basis of diversity jurisdiction); *Wilson v. Formigioni,* 1992 WL 345399 (N.D. Ill. 1992)(finding that § 2-622 is "substantive" and not "procedural," and dismissing three medical malpractice counts in § 1983 cause of action for plaintiffs failure to comply with § 2-622's requirements); *Landstrom v. Illinois Dept. of Children and Family Services,* 699 F.Supp. 1270 (N.D. Ill. 1988), *affirmed* 892 F.2d 670 (7th Cir. 1990)(dismissing a pendent medical malpractice count in § 1983 case for plaintiff's failure to comply with § 2-622); *Thompson v. Kishwaukee Valley Medical Group,* 1986 WL 11381 (N.D.Ill. 1986)(holding plaintiff's failure to comply with § 2-622 requires dismissal in federal court).**

Moreover, in addition to *Lingle,* on at least two prior occasions, this very Court has applied § 2-622 in order to dismiss pendent medical malpractice claims that were included in causes

of action before the Court on the basis of federal question jurisdiction. ***See, e.g., Bommersbach v. Ruiz,*** **461 F.Supp. 2d 743 (S.D. Ill. 2006)(concluding that § 2-622 constitutes state substantive law for the purpose of the *Erie* doctrine);** ***Salsman v. United States of America,*** **2005 WL 2001320 (S.D. Ill. 2005)(finding that § 2-622 is an Illinois substantive law).**

In addition to the Court's historical approach to this question, the Court also notes that the Seventh Circuit has stated that when "a rule [is] limited to a particular area of law and motivated by concerns about the potential impact on primary behavior of making it too easy for plaintiffs to win a particular case," then the rule is "almost certainly" substantive law. ***Murrey v. United States*****, 73 F.3d 1448, 1456 (7th Cir. 1996).** Section 2-622's filing requirement is limited solely to medical malpractice matters and is intended to minimize frivolous malpractice suits by requiring a showing that "there is a meritorious cause for the filing of such action." ***Lingle,*** **223 F.3d at 613.** These observations further buttress a decision in favor of applying § 2-622 in the present context.

Moreover, although Plaintiff's have provided this Court with a handful of cases in which district courts have not applied § 2-622, this Court finds those cases either unpersuasive or inapposite to the present matter. In ***Senisais v. Fitzgerald,*** for instance, the district court specifically declared that the relevant count "[was] not a claim of medical malpractice." **940 F. Supp. 196, 200 (N.D. Ill. 1996).** Further, the Court notes that both the ***Cunningham v. Sandahl,*** **1998 WL 157415 (N.D. Ill. 2000),** and the ***Obermeyer v. Pedicini,*** **2000 WL 290444 (N.D. Ill. 2000),** cases were decisions authored by the same district court judge who twice supported his determination that § 2-622 was a procedural rule with little to no analysis. This Court finds those decisions unpersuasive.

In addition, the Court disagrees with Plaintiff's contention that § 2-622 is somehow in conflict with **Federal Rule of Civil Procedure 8** and the federal "notice pleading" requirements. As the Court in *Thompson* noted: "[a]ttachment of a § 2-622 affidavit to plaintiffs' complaint would not enlarge the pleading requirements of Rule 8. A plaintiff could attach a § 2-622 affidavit and still plead the factual basis of his claim in a short plain statement in the complaint itself." ***Thompson,* 1986 WL 11381 at *2.**

For all the above-stated reasons, the Court finds that § 2-622 is a substantive requirement of Illinois law that must be applied in the present cause of action. Plaintiff's Count Four is a medical malpractice claim, and Plaintiff has not filed a certificate of merit. Accordingly, the Court **DISMISSES** Plaintiff's Count Four.

Under Illinois law, if Section 2-622's filing requirement has not been satisfied, dismissal is mandatory, but courts have discretion to dismiss with or without leave to amend. ***Lingle*, 223 F.3d at 613; *McCastle v. Mitchell B. Sheinkop, M.D., Ltd.,* 520 N.E.2d 293, 295 (Ill. 1987) (the decision to dismiss a claim for medical malpractice with or without prejudice for failure to comply with § 2-622 is left to the sound discretion of the Court).** "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" ***Lingle,* 223 F.3d at 614 (quoting *Cammon v. West Suburban Hosp. Med. Ctr.,* 704 N.E.2d 731, 739 (Ill.App.Ct. 1998)).** Accordingly, the Court hereby **GRANTS** Defendants' motion (Doc. 19) to the extent it seeks dismissal of Count Four, **DISMISSES** Count Four of Plaintiff's complaint ***without prejudice*** and

**GRANTS** Plaintiff thirty (30) days to re-file Count Four with the proper affidavit as required by **735 ILCS 5/2-622.**

*Whether Counts One, Two, and Three are Duplicative*

Defendants next assert that Counts One, Two, and Three are duplicative so that two of the three counts must be dismissed. Defendants argue that although Plaintiff asserts three separate theories of recovery – "failure to treat serious medical needs," "failure to protect," and "cruel and unusual punishment" – all three counts actually assert the same cause of action, "deliberate indifference." (*see* Doc. 20). This Court disagrees.

Section 1983 creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution or laws of the United States." **42 U.S.C. § 1983 ; *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994).** To state a claim under § 1983, a plaintiff must allege that the defendants: (1) invoked state authority or otherwise acted under color of state law; and (2) deprived her of a constitutionally protected right. ***See. e.g., Davis v. Union National Bank,* 46 F.3d 24, 25 (7th Cir.1994).**

The burden of identifying a specific constitutional right flows from the fact that § 1983 "is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere." ***Gossmeyer v. McDonald,* 128 F.3d 481, 489 (7th Cir.1997).** Thus, "the initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated." ***Id.,* citing *Graham v. Connor,* 490 U.S. 386, 394 (1989).**

In this matter, although the factual basis and injuries underlying Counts One through Three are similar, each Count refers to a distinct constitutionally protected right, and each Count

relies on what are recognized as different legal theories under § 1983 jurisprudence.

For instance, the Eighth Amendment prohibits "cruel and unusual punishment" of a prisoner. **U.S. CONST. amend VIII.** In order to show "cruel and unusual punishment," a plaintiff must show that the condition of confinement constitutes a denial of "basic human needs" or "the minimal civilized measure of life's necessities." ***Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).** Notably, a "cruel and unusual punishment" claim could be sufficiently plead without any mention of a medical condition or a failure to treat such medical condition. Obviously, that is not true with a claim for "failure to treat serious medical condition." Such a claim requires "acts and omissions sufficiently harmful to evidence deliberate indifference to *serious medical needs*." ***Shockley v. Jones,* 823 F.2d 1068, 1072 (7th Cir. 1987).** Consequently, although in this case both counts are based upon the same underlying circumstances, this Court cannot say that a claim asserting "cruel and unusual punishment" is duplicative of a claim asserting "failure to treat serious medical conditions" under § 1983 jurisprudence.

The same analysis applies to Plaintiff's "failure to protect" claim. Although the claim also is brought pursuant to § 1983 and also requires a showing of the "deliberate indifference" state of mind, a "failure to protect claim" requires a slightly different showing than either a "cruel and unusual punishment claim" or one for "failure to treat serious medical conditions." Accordingly, while based on similar facts as the other counts, Count Two also is not duplicative. For the above-stated reasons, the Court **DENIES** Defendants' motion to dismiss (Doc. 19) to the extent it requests this Court dismiss two of Counts One through Three as duplicative.

Regarding Defendants' more generalized – and almost entirely undeveloped – arguments for dismissal (e.g., that the failure to protect claim against the medical defendants "does not seem to be appropriate" (Doc. 20, p. 5)), those arguments fail pursuant to the very liberal notice pleading requirements of federal courts. As mentioned, dismissal for failure to state a claim is warranted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ***Mattice v. Memorial Hosp. of South Bend, Inc.*, 249 F.3d 682, 684 (7th Cir. 2001), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Accord Hishon*, 467 U.S. 69, 73 (Rule 12(b)(6) dismissal is appropriate only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").** Here, Defendants' simple assertion that a claim "does not seem to be appropriate" does not establish "beyond doubt" that Plaintiff can prove no set of facts that would entitle her to relief.

In sum, the Court **DENIES** ***in part*** and **GRANTS** ***in part*** Defendants' first motion to dismiss (Doc. 19). The motion is **GRANTED** to the extent that it requests dismissal of Count Four and Count Four is **DISMISSED** ***with leave to amend.*** The motion is **DENIED** in all other respects. The Court now address Defendants' arguments for dismissal in the second motion to dismiss (Doc. 27).

**D. <u>Defendants' Second Motion for Dismissal</u>**

In Defendants' second motion for dismissal (Doc. 27), defendants Ellis, Caliper, Vick, Frey, and Rhodes present six different arguments for dismissal contained in six different subsections of Defendants' memorandum in support of their second motion to dismiss (Doc. 28).

The Court will consider each argument in turn.

*Defendants' Merit-Based Arguments in Subsections One, Three and Four*

Comprising the bulk of Defendants' second motion for dismissal (Doc. 27) are several merit-based arguments that not only are inappropriate for purposes of a motion to dismiss pursuant to **FED. R. CIV. P. 12(b)(6),** but also are without factual support. For instance, in subsection One of Defendants' memorandum in support (Doc. 28), Defendants assert that this Court should dismiss Counts One, Two and Three against Defendant Frey because Frey "relied on the mental health experts at Tamms Correctional Center to provide proper care for Marcus Chapman" and because "[t]he treatment provided by those experts included prescribing a course of medication for Chapman" (Doc. 28, p. 4).

In subsection Three, Defendants argue that Plaintiff's allegations against Defendants Ellis, Caliper and Rhodes do not amount to constitutional violations. In support of this argument, Defendants assert that "Plaintiff admits that a treatment plan was followed for Chapman, including prescribed medications" and "security staff was performing cell checks on Chapman the day of his suicide" (Doc. 28, p. 6).

In subsection Four, Defendants make an argument for Vick that is similar to that made for Frey in subsection One: "Vick was entitled to rely on the determination of the prison's mental health experts to determine what, if any, danger Chapman faced and the best way to address that danger" (Doc. 28, p. 7).

As the Seventh Circuit repeatedly has held, on a motion to dismiss for failure to state

a claim, the District Court may only review the plaintiff's complaint and certain exhibits or documents attached to the plaintiff's claim. ***See, e.g., Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 868 (7th Cir. 2002); *Rosenblum v. Travelbyus.com, Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002)**, **citing *Wright v. Assoc. Ins. Co., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).**

Reviewing the above-referenced arguments for dismissal, the Court notes that the arguments do not necessarily attack Plaintiffs' complaint as being insufficient on its face. Rather, Defendants' arguments go directly to the merits of each claim and contain assertions that are lacking required factual support. For instance, Defendants assert that "Plaintiff admits that a treatment plan was followed for Chapman, including prescribed medications" (Doc. 28, p. 9) and cites paragraph 45 of Plaintiff's complaint (Doc. 1) for support. The cited portion of Plaintiff's complaint, however, asserts that "[o]nce [Defendants] began to treat Mr. Chapman's mental illness [Defendants] *failed* to monitor that treatment, *failed* to properly treat Mr. Chapman's depression, and *failed* to treat the side effects of the medications they gave to Mr. Chapman." (Doc. 1, ¶ 45)(emphasis added).

The actual cited portion of Plaintiff's complaint does not mention a "treatment plan" and, if anything, indicates that if there was some sort of "treatment plan," Defendants did not properly follow that plan. As mentioned, when reviewing a motion for dismissal pursuant to Rule 12(b)(6), the Court must accept the plaintiff's allegations as true, and construes all inferences in favor of the plaintiff. ***Hishon*, 467 U.S. at 73.** In light of this standard of review, the Court cannot accept Defendants' assertion that Plaintiff's ambiguous statement in paragraph 45 of her complaint – or other equally vague assertions in Plaintiff's complaint – establishes that Plaintiff cannot prevail on her claims.

Admittedly, if Defendants' assertions were supported by a developed factual record, Plaintiff's claims may be without merit. However, the pleadings do not indicate that a developed factual record exists at this time. And, in any event, this Court could not properly consider that record in the present context. As mentioned, the purpose of a Rule 12(b)(6) motion is to "test the sufficiency of the complaint, *not to decide the merits*" of the case, and this Court's review is limited to the complaint itself and any attachments thereto. ***Triad Associates, Inc.,*** **892 F.2d at 586.** Defendants' unsupported factual assertions do not establish "beyond doubt" that Plaintiff can prove no set of facts that would entitle her to relief on the above-referenced claims. Accordingly, the Court hereby **DENIES** Defendants' requests for dismissal contained in subsections One, Three, and Four of Defendants' memorandum in support (Doc. 28) of their second motion to dismiss (Doc. 27). If Defendants so choose, they may re-plead those arguments in a motion for summary judgment.

*Defendants' Arguments for Dismissal of Count Four*

In subsection Two, Defendants' make the same argument that was presented in the first motion to dismiss: Count Four should be dismissed for Plaintiff's failure to attach an affidavit supporting her claims of medical negligence. For the reasons thoroughly delineated above, this Court has already determined that dismissal of Count Four *without prejudice* is appropriate. Accordingly, this argument is **DENIED AS MOOT.**

In subsection Five, Defendants' argue that Defendant Vick cannot be liable for medical negligence. In her response to both motions for dismissal, Plaintiff concedes this point and agrees that Count Four should be dismissed as to Defendant Vick (Doc. 43, p. 15). Accordingly, the

Court **ORDERS** that the dismissal of Count Four is ***with prejudice*** as to Defendant Vick only.

*Defendants' Assertion of Qualified Immunity in Subsection Six*

Finally, in subsection Six, Defendants assert "[t]o the extent the Court finds any violations not clearly established prior to the events in this matter, the defendants are entitled to qualified immunity" (Doc. 28, p. 8). However, as with Defendants' merit-based arguments in subsections One, Three and Four, Defendants have failed completely to provide any support for or further develop this argument. In addition, as with the previous arguments, a qualified immunity argument is premature without a more fully developed record.

The doctrine of qualified immunity protects government officials from monetary liability when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." ***Kitzman-Kelley*, 203 F.3d at 457 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).** The doctrine permits government officials the freedom to perform their discretionary functions without fear of potential liability for civil damages. ***Elwell v. Dobucki*, 224 F.3d 638, 640 (7th Cir. 2000).** ***See also Landstrom v. Illinois Dept. of Children and Family Services*, 892 F.2d 670, 674 (7th Cir. 1990)(recognizing that the doctrine of qualified immunity protects public officers "from undue interference with their duties and from potentially disabling threats of liability").** Officials lose their immunity only when their conduct violates clearly established statutory or constitutional rights. ***Elwell* at 640 (citing *Harlow*, 457 U.S. at 817).**

The plaintiff bears the burden of establishing that a constitutional right was clearly

established at the relevant time. ***Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000).** The Seventh Circuit has explained:

> The plaintiff must demonstrate that at the time of the alleged unconstitutional actions of the defendants, there was clearly established law holding that their actions violated rights secured by the Constitution of the United States.

***Kitzman-Kelley*, 203 F.3d at 459.** A right is "clearly established" if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." ***Anderson v. Creighton*, 483 U.S. 635, 640 (1987).** To determine whether a right is clearly established, the courts look to controlling Supreme Court precedent and circuit law. ***Jacobs*, 215 F.3d at 767.**

As the above rules of law underscore, the qualified immunity analysis depends upon a sufficiently detailed exposition of the underlying facts of a particular claim. "[W]hen defendants do assert immunity, it is essential to consider facts in addition to those in the complaint." ***Alvarado v. Litscher,* 267 F.3d 648, 652 (7th Cir. 2001).** However, as the Seventh Circuit repeatedly has held, on a motion to dismiss for failure to state a claim, the District Court may only review the plaintiff's complaint and certain exhibits or documents attached to the plaintiff's claim. ***See, e.g., Beanstalk Group, Inc. v. AM General Corp.,* 283 F.3d 856, 868 (7th Cir. 2002); *Rosenblum v. Travelbyus.com, Ltd.,* 299 F.3d 657, 661 (7th Cir. 2002)**, ***citing Wright v. Assoc. Ins. Co., Inc.,* 29 F.3d 1244, 1248 (7th Cir. 1994).**

For this reason, "a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." ***Id.* at 651.** "Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate: '[T]he plaintiff is not required

initially to plead the factual allegations that anticipate and overcome a defense of qualified immunity'." ***Id.***

Upon the limited record before it on the Defendants' second motion to dismiss (Doc. 27), this Court cannot conclude – at this stage of the proceedings – that the doctrine of qualified immunity shields the actions of any of the individually-named defendants. Accordingly, the Court **DENIES** the Defendants' argument for dismissal on the basis of qualified immunity asserted in subsection Six.

**E. Defendants' Third Motion for Dismissal**

Defendants' third motion for dismissal (Doc. 59) is filed on behalf of remaining Defendant Wanda Evans and is a nearly word-for-word duplicate of Defendants' first motion for dismissal (Doc. 19). Evans' motion asserts the exact same arguments as Defendants' first motion to dismiss: that Plaintiff's medical malpractice claim in Count Four is insufficient as a matter of law because Plaintiff has failed to comply with the provisions of **735 ILCS 5/2-622,** and that Counts One, Two, and Three are duplicative so that two of the three counts must be dismissed.

For the sames reasons delineated above in this Court's discussion of Defendant's first motion to dismiss, the Court **DENIES as MOOT** Evans' argument for dismissal of Count Four, and **DENIES** Evans' argument for dismissal because Counts One, Two and Three purportedly are duplicative.

**F. Conclusion**

In summary, for the reasons stated above, the Court makes the following rulings. The

Court **DENIES *in part*** and **GRANTS *in part*** Defendants' first motion to dismiss (Doc. 19). The motion is **GRANTED** to the extent that it requests dismissal of Count Four, and is **DENIED** in all other respects. The Court **DENIES *in part*** and **GRANTS *in part*** Defendants' second motion to dismiss (Doc. 27). The motion is **GRANTED** to the extent that it request dismissal of Count Four against Defendant Vick, and is **DENIED** and **DENIED AS MOOT** in all other respects, as explained above. The Court **DENIES** and **DENIES AS MOOT** Defendants' third motion to dismiss, as explained above (Doc. 59).

Counts One, Two, and Three of Plaintiff's complaint (Doc. 1) remain pending as to all named Defendants. Count Four, however, is **DISMISSED *with prejudice*** as to Defendant Vick, and is **DISMISSED *without prejudice*** and with leave to amend as to all remaining named Defendants. Plaintiff will have thirty (30) days from entry of this Order to re-file Count Four with the proper affidavit as required by **735 ILCS 5/2-622.**

**IT IS SO ORDERED.**

**DATED this 5th day of June, 2007.**

**s/ Michael J. Reagan**

**MICHAEL J. REAGAN**
**United States District Judge**